IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIRANDA P. HOFFMAN,

        Plaintiff,                    No. 2:11-cv-2338 EFB

    vs.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

        Defendant.               ORDER

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. On January 30, 2012, plaintiff moved for summary judgment, arguing that the ALJ was collaterally estopped from finding that she was not disabled under Title II of the Act based on a 2002 decision finding that plaintiff continued to be disabled under Title XVI of the act.

       Defendant opposes plaintiff's motion, arguing that under 20 C.F.R. § 404.950(f) the ALJ was not bound by the 2002 decision. That regulation provides, in pertinent part, that the

---

[1] Michael J. Astrue was previously named as defendant. Carolyn W. Colvin is presently the acting Commissioner of Social Security. Accordingly, the court now substitutes in Carolyn W. Colvin as defendant. *See* Fed. R. Civ. P. 25(d).

1

1  Commissioner will accept a "factual finding made in [a] previous determination or decision
2  unless there are reasons to believe it was wrong."  20 C.F.R. § 404.950(f).  Defendant, relying
3  almost exclusively on the language contained in 20 C.F.R. § 404.950(f), contends that the ALJ
4  sufficiently showed that the 2002 decision was wrong and was therefore not required to accept
5  the findings of the 2002 decision.

6  In her reply, plaintiff requests that the court narrowly construe the language of section
7  404.950(f) to apply only to "factual findings for which there are clear demarcations such as date
8  of birth, education level, number of quarters earned for Title II purposes, date last insured, and so
9  forth."  Dckt. No. 20 at 3.  Plaintiff submits a section from the Social Security Administration
10 Program Operations Manual System ("POMS") to supports her position.

11 It appears from the parties' briefs that disposition of this case rests on the interpretation
12 of the language of 20 C.F.R. § 404.950(f).  However, the submitted briefs do not adequately
13 address the issue.  The court therefore requires additional briefing concerning 20 C.F.R. §
14 404.950(f)'s impact on the present dispute.  In their supplemental briefs, the parties may wish to
15 discuss the legislative history of the regulation at issue as well as any additional authority
16 explaining its application.  However, defendant's brief must specifically address the exhibits
17 plaintiff submitted with her reply.

18 Accordingly, it is hereby ORDERED that:

19 1.  On or before March 13, 2012, defendant shall file a supplemental brief addressing the
20 issues discussed above; and

21 2.  Plaintiff shall file a response to defendant's supplemental brief on or before March 20,
22 2013.

23 DATED:  March 6, 2013.

         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE