UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA P. HOFFMAN, | No. 2:11-cv-2338-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $18,400.00, which is just shy of 25 percent of past benefits due to plaintiff.[1] ECF No. 32. Plaintiff entered into a retainer agreement with plaintiff's counsel which states that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 32-1. Counsel spent 31.3 professional hours on plaintiff's case. ECF No. 32-4.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

---

[1] Defendant does not oppose counsel's request. *See* ECF No. 33.

1

> of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff to be disabled, she was awarded past-due benefits in the amount of $73,965. Declaration of Young Cho ("Cho Decl.") ¶ 4, Ex. 3. Plaintiff's request for $18,400, which is less than 25 percent of the past-due benefits, would constitute an hourly rate of $587.85. Based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, and counsel's experience in the field of Social Security law, the court finds that rate to be reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00); *Mondello v. Astrue*, No. Civ S-04-973 DAD, 2009 WL 636542, at * 2 (E.D. Cal. March 11, 2009) (awarding fees that represented a rate of approximately $801.00 per hour). Further, given the result achieved in this case, the court finds the amount of hours expended to be reasonable.

Counsel concedes that the $18,400.00 award should be offset in the amount of $5,000.00 for fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 32 at 3, 7. Accordingly, counsel will be granted $13,400.00 pursuant to 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

/////

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 32) is granted; and
2. Plaintiff's counsel is awarded $13,400.00 in fees pursuant to 42 U.S.C. § 406(b).

DATED: October 2, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE